[PHILADELPHIA, FEBRUARY 11th, 1837.]

The COMMONWEALTH *against* REES and Others.

IN ERROR.

In a *scire facias* on a sheriff's bond, alleging that he had not executed a certain writ of *fieri facias*, the plaintiff produced on the trial the return made by the sheriff to a *fieri facias* previously placed in his hands by A., another execution creditor, (to which return he referred in his return to the plaintiff's writ,) setting forth that he had levied on certain goods, sold part of the goods for a certain sum, and that as to the residue of the goods, he had sold them to A. for a certain sum, but the terms of sale were not complied with by her; wherefore he had left the goods in her hands: no other evidence was offered of the value of the goods: *Held* that it was not error to charge the jury, that they might consider the said return to A.'s execution as some evidence of the value of the remainder of the goods returned as not sold.

THIS was a writ of error to the District Court for the City and County of Philadelphia.

In the Court below a *scire facias* had been issued in the name of the Commonwealth to the use of Richard F. Allen & Co. upon the recognizance of George Rees, Esq. late sheriff of the City and County of Philadelphia.

The suit was brought to recover damages, on the ground that the defendant, Rees, had not executed a certain writ of *fieri facias*, which had been placed in his hands by the said Richard F. Allen. On the trial before Judge STROUD on the 21st of April 1836, the following evidence was gone into:

It was admitted that George Rees was duly commissioned sheriff of the city and county, at the time the *fieri facias* of the plaintiffs was placed in his hands.

The plaintiffs next gave in evidence a certified copy of the recognizance, entered into by George Rees and his sureties to the Commonwealth, when he entered upon the duties of sheriff as aforesaid.

The plaintiffs next gave in evidence the appearance docket of the District Court of the term of December 1831, No. 588, as follows:

'Ann M'Clarnon          District Court,
v.                      Dec'r. 1831. D. S. B.
James M'Clarnon &       No. 198.
Charles C. Many.

And now, Feb. 15, 1832, the defendants by *I. Norris*, Esq. their attorney, confess judgment to the plaintiff for $6000.'

(The Commonwealth v. Rees.)

'Ann M'Clarnon ⎫　　District Court,
v. ⎬　　June Term, 1832.
James M'Clarnon. ⎭　　No. 755.

Amicable action entered by agreement, filed 19 June 1832, and that judgment be entered in favour of the plaintiff for $1170 80.'

'Hannah Vickery ⎫　　District Court,
v. ⎬　　June 1832.
James M'Clarnon & ⎪
Charles C. Many. ⎭　　No. 756.

Amicable action case, entered by agreement, filed June 20, 1832, and that judgment be entered for the plaintiff for $700.'

'William Lehman ⎫　　District Court,
v. ⎬　　June 1832.
James M'Clarnon. ⎭　　No. 757.

Amicable action entered by agreement, filed 20 June 1832, and judgment in favour of the plaintiff for $400.'

'Rachel Smith ⎫　　District Court,
v. ⎬　　June Term, 1832.
James M'Clarnon & ⎪
Charles C. Many. ⎭　　No. 758.

Amicable action case, entered by agreement, filed 20 June 1832, and that judgment be entered in favour of the plaintiff for $344 88.'

'Richard F. Allen & Co. ⎫　　District Court,
v. ⎬　　Dec'r. Term 1831.
James M'Clarnon & ⎪
Charles C. Many. ⎭　　No. 588.

Amicable action case, entered by agreement, filed March 3, 1832, and judgment to be entered in favour of the plaintiffs for $1139 40, payable by instalments. Execution to issue upon non-payment of any instalment.' "

The plaintiffs next gave in evidence the execution docket of the District Court, as follows, viz.

'Ann M'Clarnon ⎫　　Fi. fa. to Septr. Term, 1832.
v. ⎬
James M'Clarnon. ⎭　　No. 57.

　　　　　　Real debt,　　　　　　　　　　　　$1170 81
　　　　　　Interest from 18 June,
　　　　　　Costs,

Return—　　　Placed in the hands of the sheriff,
　See "58."　　10 minutes before 12 A. M. 19 June, 1832.'

'Same ⎫　　Fi. Fa. to Septr. Term, 1832.
.v. ⎬
Same & Chas. C. Many. ⎭　　No. 58.

　　　　　　Real debt,　　　　　　　　　　　　$3000

(The Commonwealth *v.* Rees.)

Interest from 15 February,
Costs,

Sheriff's Return:

'June 19, 1832, 10 minutes of 12 A. M., levied on stock of dry-goods of defendant, and sold part of the same to sundry persons for $106, which money I have made, and the residue of the said goods sold to Ann M'Clarnon, the plaintiff, for $2961 53, and the terms of sale not complied with by her, wherefore the same remains unsold, and the same left in the hands of the plaintiff at her risk.

So answers George Rees, Sheriff.'

'Hannah Vickery        Fi. Fa. to Septr. Term, 1832.
        v.
M'Clarnon & Many.            No. 67.
            Real debt,                    $700
            Interest from 15 April,
            Costs,

Placed in Sheriff's hands 15 minutes past 10 A. M. 20 June, 1832.'
Return—(See " No. 58.")

'Lehman            Fi. Fa. to Septr. Term, 1832.
        v.
James M'Clarnon.            No. 66.
            Real debt,                    $400
            Interest from 29 April,

Placed in Sheriff's hands same time as the foregoing.'
Return—(See " No. 58.")

'Rachel Smyth        Fi. Fa. to Septr. Term, 1832.
        v.
M'Clarnon & Many.            No. 67.
            Real debt,                    $344 88
            Interest from 16 May,
            Costs,

Placed in Sheriff's hands same time as the foregoing.'
Return—(See " No. 58.")

'Allen & Co.        Fi. Fa. to Septr. Term, 1832.
        v.
M'Clarnon & Many.            No. 87.
            Real debt,                    $1139 40
            Interest from 22 February,
            Costs,

Placed in Sheriff's hands 5 minutes past 5 P. M. 23 June, 1832.'

'Return—

Levied on stock of goods—subject to prior levy.   So answers
(See " No. 58.")                    George Rees, Sheriff.'

(The Commonwealth v. Rees.)

The plaintiff next read in evidence the following notice:

'Sir:                              Philadelphia, 14 July, 1832.

You will please to take notice that I shall apply to the court for a rule upon the sheriff to bring the money made upon the executions in the above cases, into Court.

George Rees, Esq.                    S. Brashears,
          Sheriff.                        for Allen and others.'

Also the

Minute Book, D. C. page 392:

| 'M'Clarnon | v. M'Clarnon | Fi. Fa. Sept. 1832. | No. 57 |
|---|---|---|---|
| Same | v. Same | | 58 |
| Vickery | v. Same et al. | | 61 |
| Lehman | v. M'Clarnon | | 66 |
| Smith | v. Same | | 67 |
| Allen | v. Same | | 87 |

On motion of S. Brashears, the Court grant a rule upon George Rees, Esq. late sheriff, to bring the money into Court in the above cases.                    Returnable 27th October.

April 27, 1833.    Affidavit of S. Brashears as to service of notice of rule on the sheriff in the above cases filed, and rule absolute.'— (Minute Book 1833, page 18.)

Also the

Minute Book 1833, page 18:

'Allen, et al.      ⎱      District Court,
          v.        ⎰      March, 1832.
M'Clarnon, et al.          No. 282.

On motion of S. Brashears the Court grant a rule upon George Rees, Esq. late sheriff, to show cause why an attachment should not be awarded against him for the amount of the debt and costs in the above cases.   Returnable 4th May.'

Also the following notice:

'Sir:—You will please to take notice that the rule heretofore served upon you in the foregoing cases to bring the money into Court, will be called up on Saturday next, 16 March, 1833, at 10 A. M.                        S. Brashears,
George Rees, Esq.                    for Allen & Co.'
          Sheriff.

March 9, 1833.

Also, the following notice:

                              'Allen v. M'Clarnon.

On motion of S. Brashears, the Court grant a rule upon George Rees, Esq. late sheriff, to show cause why an attachment should

not be awarded against him for the amount of the debt, interest and costs in the above case.· Returnable 4th May 1833, at 10. A. M.' ∴ 27th April, 1833.

Also, the following:

'Commonwealth    )    District Court,
    v.                )
George Rees.      )      J. 1833.

The defendant, George Rees, Esq. is desired to produce on the trial of the above case, the book containing the sales of the goods levied upon in the above cases.

January 22, 1834.'

The evidence being closed on the part of the plaintiffs; and no evidence being offered on the part of the defendants, the learned Judge charged the jury,—

" That they might consider the return of the sheriff to the execution upon the judgment in favour of Ann M'Clarnon, against M'Clarnon & Many, that Ann M'Clarnon had purchased all the goods levied upon, (except the part stated in the return to have been bought and paid for by other persons,) as *evidence* of the value of the remainder of the goods returned as not sold; that this was not conclusive evidence, nor would he instruct them to regard it of as high a character as *prima facie* evidence; but it was the return of a sworn officer, and they might receive it for as much as they thought it worth; that in England, the sheriff generally caused the goods levied upon to be appraised, and returned this appraisement as their value; that here he had stated that they had been sold for a certain sum. If they, considered this to be a fair criterion of their value, then the plaintiffs had received no damage; as executions prior to them were in the sheriff's hands, and were entitled to be paid in preference, and were of an amount much larger than the amount of the sale of the goods, according to the return."

The jury found for the defendants; and the plaintiffs removed the record to this court, and assigned the following errors.

" 1. The court erred in charging the jury that they might consider the return of the sheriff to the execution upon the judgment in favour of Ann M'Clarnon against M'Clarnon & Many, namely: ' That Ann M'Clarnon had purchased all the goods levied on except the part stated in the return to have been bought and paid for by other persons,' as evidence of the value of the remainder of the goods returned as not sold.

2. The court erred in charging the jury that the said return was the return of a sworn officer, and that they might receive it for as

(The Commonwealth v. Rees.)

much as they thought it worth; whereas in truth the return was not under oath; and if it had been under oath, it would not have been competent testimony for the sheriff in an action against him.

3. Because the court erred in charging the jury that if they considered the return a fair criterion of the value of the goods, then the plaintiffs had received no damage; as executions prior to theirs were in the sheriff's hands, and were entitled to be paid in preference, and were of an amount much larger than the amount of the sale of the goods, according to the return; whereas the court should have charged the jury, that the said return of the sheriff was either a legal criterion or not, instead of leaving it to them to form indefinite views in respect to testimony, upon which the law was to determine.

4. The court erred in submitting documentary evidence to the interpretation or construction of a jury, instead of giving to it a judicial interpretation or construction, whereby the court materially impaired the rights of the plaintiffs."

Mr. *Brashears,* for the plaintiffs in error, contended, that the sheriff's return was *prima facie* evidence of a levy to the amount of the debt, and threw upon the defendant the burthen of proving the actual value of the goods. *Beale* v. *The Commonwealth,* (11 *Serg. & Rawle,* 299.) 3 *Starkie,* 1350. *Watson on Sheriffs,* 52, &c.

Mr. *Holcomb* and Mr. *Randall, contra,* cited *Heiskell* v. *Given,* (7 *Serg. & Rawle,* 369.) *Cornell* v. *Cook,* (7 *Cowen,* 313.) *Dutton* v. *Tracy,* (4 *Conn. Rep.* 80, 424.) 2 *Starkie,* 752. *Levy* v. *Wallis,* (4 *Dall.* 165.) *Bayley* v. *Bates,* (8 *Johns. Rep.* 186.) *Potter* v. *Lansing,* (1 *Johns. Rep.* 215.) *Brownfield* v. *The Commonwealth,* (13 *Serg. & Rawle,* 267.) *Watson* v. *Watson,* (6 *Conn. Rep.* 334.) *Perkins* v. *Perkins,* (7 *Conn. Rep.* 558.) *Armstrong* v. *Garrow,* (6 *Cowen,* 465.) *Gifford* v. *Woodgate,* (11 *East,* 297.) *The Commonwealth* v. *Haas,* (16 *Serg. & Rawle,* 252.) *Milday* v. *Smith,* (3 *Saunders' Reports,* 343, 4, note.)

The opinion of the court was delivered by

SERGEANT, J.—This case appears to be as follows: It was a *scire facias* on the sheriff's recognisance, alleging that the sheriff, Rees, had not executed a *fieri facias,* placed in his hands by the plaintiff. In support of his claim, the plaintiff produced on the trial the return made by the sheriff to a *fieri facias* previously placed in his hands by another judgment-creditor, to which return the sheriff referred in his return to the plaintiff's writ. That return was, that he had levied on a store of dry goods, and sold part of the goods for $106, and had made the money—and that as to the residue of the goods, he had sold them to Ann M'Clarnon, (who was the plaintiff in the

prior writ,) for $2961 53 ; but the terms of sale were not complied with by her, wherefore they remained unsold ; and he had left the goods in her hands, and at her risk. Of the actual value of the goods levied upon, no evidence was given by the plaintiff; and it does not appear that the defendants gave any evidence at all in the cause. On this state of things the plaintiff contends that the sheriff had not executed his writ, and was liable for the value of the goods seized. That it was incumbent on the sheriff to show that value, and, until he did so, the jury ought to presume it was sufficient to pay off, not only the debts due to the plaintiffs in the executions previously delivered to the sheriff, but also the amount of the plaintiff's execution, or at least a portion of it. The court charged, in substance, that the jury might consider the return of the sheriff of the price bid by Ann M'Clarnon, as evidence of the value of the residue of the goods ; and in that event, the plaintiff had sustained no damage, because it was not sufficient to satisfy executions previously placed in the sheriff's hands.

The question now before us turns on the correctness of the charge of the court, and not on the nature or effect of the sheriff's return, which I am inclined to think, though not very clear in its terms, is, in substance, a return of unsold for want of buyers ; and that the plaintiff, if he had thought fit, might have compelled a sale of the residue of the goods, by a *venditioni exponas.* Taking it for granted, however, that the sheriff was liable for not executing the plaintiff's writ, to the value of the goods seized, I do not perceive how the court below could have instructed the jury that there was no evidence of that value. The amount at which the goods were struck off at a public sale by the sheriff, to the highest bidder, (and such we must take to be the case, in the absence of any evidence to the contrary,) is certainly some evidence of the value of the goods thus bid for. And when it is alleged that the sheriff's return is no evidence of these facts in his own favour, the answer is, that the plaintiff himself gave the whole of this return in evidence, as well that which operated against him, as that which was in his favour. In such case, all goes to the jury, though, to be sure, with very different weight. As against the sheriff, his return is generally conclusive; but where it is to operate in his own favour, it may be contradicted, though produced by the other party. And perhaps slight proof, tending to show the value of the goods to have been greater than the amount of the bid, or to establish any collusion or negligence on the part of the sheriff, would have rebutted the contents of the return, and thrown on him the *onus* of accounting fully as to the value of the goods. But nothing of this kind was attempted by the plaintiff. The value was suffered to rest on the return alone ; and that return being produced by the plaintiff, and containing some facts from which the value might be collected, it was evidence ; not of the highest or most satisfactory kind, but it was all that the

(The Commonwealth v. Rees.)

case afforded, and the only guide for the jury to follow. Under these circumstances, we are of opinion there was no error in the charge of the court.

Judgment affirmed.